T.C. Memo. 2010-85

UNITED STATES TAX COURT

CHARLES M. AKERS, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16391-08.                    April 21, 2010.

        R determined a deficiency in P's 2004 Federal
income tax.  After P's concessions, the issues for
decision are:  (1) Whether P is entitled to deduct
Schedule E expenses relating to real property in
California; and (2) whether the real property in
California was a residence of P during 2004 for
purposes of sec. 280A, I.R.C.

        <u>Held</u>:  P is not entitled to deduct Schedule E
expenses relating to the real property in California.

        <u>Held</u>:  The real property in California was a residence
of P during 2004 for purposes of sec. 280A, I.R.C.  P is
liable for the income tax deficiency.

Charles M. Akers, Jr., pro se.

Jeffery D. Rice, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for redetermination of an alleged income tax deficiency that respondent determined for petitioner's 2004 tax year.  After concessions by petitioner,[1] the issues for decision are:  (1) Whether petitioner is entitled to a deduction for expenses claimed on Schedule E, Supplemental Income and Loss, for 2004 relating to petitioner's real property in California; (2) if petitioner is not entitled to deduct Schedule E expenses for the 2004 tax year, whether the real property in California is a residence of petitioner for 2004 for purposes of section 280A.[2]

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are hereby incorporated by

---

[1]Petitioner conceded that he received $673 of unreported income in 2004.  This amount included income from compensation and the sale of stocks and bonds.  There was also an unreported withholding tax credit of $104 which respondent conceded.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the tax year at issue.  The Rule reference is to the Tax Court Rules of Practice and Procedure.

reference into our findings.  At the time he filed his petition, petitioner resided in California.

During the 2004 tax year petitioner was the sole owner of a three-bedroom home in California (the cabin).  On his 2004 Federal income tax return, petitioner claimed $20,258 of Schedule E expenses relating to the rental of the cabin.  All of these claimed expenses were disallowed by respondent.

Petitioner contracted with Alpine Resort Rentals (Alpine), a property management company, to rent the cabin for the 2004 tax year.  Per the rental agreement, Alpine had an exclusive right to rent the cabin during 2004.  For its services, petitioner paid Alpine a 35 percent commission of all rental income received. Among other things, Alpine was responsible for arranging housekeeping and linens for rental customers; petitioner was responsible for maintaining the property in a safe and aesthetic condition, paying all utilities, having the property "deep cleaned" twice a year, and providing linens.

The cabin was rented 3 times during the 2004 tax year, for a total rental period of 12 days and 9 nights.  The parties have agreed that the average rental period of customer use for the cabin for 2004 tax year was 3 days.

Petitioner visited the cabin eight times during 2004, for a total of approximately 27 days and 19 nights.  Each time

petitioner visited the cabin during 2004, he was accompanied by family members.

On April 14, 2008, respondent issued a notice of deficiency disallowing the previously noted $20,258 of petitioner's claimed Schedule E expenses. Petitioner filed a timely petition with this Court. A trial was held on January 18, 2009, in Los Angeles, California.[3]

OPINION

## I.  Burden of Proof

The Commissioner's determination of a taxpayer's liability is generally presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a);

---

[3]It is appropriate at this juncture to dispose of a procedural matter pending before this Court. In the stipulation of facts and the supplemental stipulation of facts, respondent objected to the admissibility of petitioner's Exhibits 9-P through 22-P on grounds of relevancy and materiality. We took respondent's objections under advisement. Upon due consideration we find that Exhibits 9-P through 11-P and 14-P through 22-P have a tendency to make the existence of facts that are of consequence to the determination of this case more or less likely than without them. See Fed. R. Evid. 401 and 402. Therefore, respondent's objections to the admissibility of petitioner's Exhibits 9-P through 11-P and 14-P through 22-P are overruled and these exhibits are received into evidence.
With regard to Exhibit 12-P, a copy of the letter petitioner wrote to his Congressman regarding his case, and Exhibit 13-P, a copy of the letter petitioner received from the director of constituent services for Representative Edward R. Royce in response to petitioner's letter, we find that these exhibits are not relevant to the case at hand and not admissible into evidence. Therefore, respondent's objections to the admissibility of petitioner's Exhibits 12-P and 13-P are sustained and these exhibits are not received into evidence.

Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, pursuant to section 7491(a), the burden of proof on factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such issue."  Petitioner has not established that he meets the requirements under section 7491(a)(1) and (2) for such a shift.  Consequently, the burden of proof remains on him.  Moreover, deductions are a matter of legislative grace, and petitioner bears the burden of proving that he is entitled to any of the deductions claimed.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

II.  Section 469 Schedule E Expenses Relating to Rental of Cabin

Section 469(a)(1) and (d)(1) generally prohibits a taxpayer from claiming deductions attributable to "passive activities" in an amount which exceeds the income generated by that taxpayer's "passive activities".  Madler v. Commissioner, T.C. Memo. 1998-112; Scheiner v. Commissioner, T.C. Memo. 1996-554; Mordkin v. Commissioner, T.C. Memo. 1996-187.  Section 469(c)(1) and (2) provides that the term "passive activity" includes:  (1) Any activity which involves the conduct of a trade or business and in which the taxpayer does not materially participate, and (2) except for taxpayers engaged in the real property business, any rental activity without regard to whether or not the taxpayer materially participates in the activity.

For purposes of section 469, the term "rental activity" is defined in section 469(j)(8) as any activity where payments are principally for the use of tangible property. See also sec. 1.469-1T(e)(3)(i), Temporary Income Tax Regs., 53 Fed. Reg. 5702 (Feb. 25, 1988). An activity involving the use of tangible property, however, is not considered a rental activity for a taxable year if for such taxable year the average period of customer use for such property is 7 days or less. Sec. 1.469-1T(e)(3)(i) and (ii)(A), Temporary Income Tax Regs., supra. Therefore, owners of rental real estate are not considered to be engaged in a rental activity if the average period of customer use is 7 days or less. Madler v. Commissioner, supra.

Section 469(i)(1) and (2) allows the taxpayer to offset from nonpassive income up to $25,000 of certain passive activity losses,[4] as long as the activity is considered a "rental activity".

The parties have stipulated that the average period of customer use for the cabin during 2004 was 3 days. Consequently, petitioner's rental activity of the cabin during the 2004 tax year is not a "rental activity" as defined in section 469(j)(8) and the regulations thereunder and thus he is not allowed the

---

[4] The deduction is phased out for income levels above $100,000. Sec. 469(i)(3).

$25,000 offset for losses against nonpassive income.  See sec. 1.469-1T(e)(3)(i) and (ii)(A), Temporary Income Tax Regs., supra.

Additionally, since the rental of the cabin does not fall within the definition of "rental activity" under section 469, Passive Activity Losses and Credits Limited, it is not a per se passive activity under section 469(c)(2).  Therefore, if petitioner can show that he "materially [participated]" in the rental of the cabin, the activity would not be considered passive and he could claim his losses against nonpassive income.  Sec. 469(c)(1)(B).

Material participation is defined as involvement in the operations of an activity on a regular, continuous, and substantial basis.  Sec. 469(h)(1).  A taxpayer can establish material participation by satisfying any one of the seven tests provided in the regulations.  Sec. 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5725-5726 (Feb. 25, 1988); see also Mordkin v. Commissioner, supra.  We consider that for purposes of the case before us, the pertinent tests, as stated in section 1.469-5T(a)(2) and (3), Temporary Income Tax Regs., supra, are as follows:

> (2) The individual's participation in the activity for the taxable year constitutes substantially all of the participation in such activity of all individuals (including individuals who are not owners of interests in the activity) for such year; [or]

> (3) The individual participates in the activity for more than 100 hours during the taxable year, and such

individual's participation in the activity for the taxable year is not less than the participation in the activity of any other individual (including individuals who are not owners of interests in the activity) for such year;

To satisfy one of these tests, petitioner must establish that either (1) no other individual's participation exceeded petitioner's participation during 2004 or (2) that petitioner participated in the activity for more than 100 hours in 2004. With regard to the second requirement, petitioner has set forth little evidence to establish that he was involved in the rental of the cabin for more than 100 hours in the 2004 tax year. He has alleged that he took eight maintenance trips to the cabin during 2004, but in no way has he quantified for the Court the amount of his active participation time. In order to establish that he did spend more than 100 hours engaged in the rental of the cabin, the Court would expect petitioner to provide evidence corroborating his claim that his trips to the cabin were indeed for the purpose of maintenance, e.g., in the form of time logs, oral testimony, and/or receipts.

Nor has petitioner established that no other individual's participation exceeded his participation in the activity or that his participation constituted substantially all the participation in the activity. Alpine was responsible for advertising, showing, and renting the property, and after each tenant, a cleaning service cleaned the property. Further, petitioner has conceded that his daughter assisted in the management and

maintenance of the cabin and that he contracted with professionals to provide repair services during 2004. While we do not know how much time these services took, they involve a substantial amount of time.

It is petitioner's burden to show that he satisfies the requirements of section 1.469-5T(a), Temporary Income Tax Regs., <u>supra</u>, and he has failed to meet that burden. On the basis of the foregoing, we find that petitioner did not materially participate in this activity. Accordingly, petitioner is not allowed to deduct Schedule E expenses relating to the cabin on his 2004 tax return.

## III. <u>Section 280A Personal Use of a Residence</u>

Section 280A(a) limits otherwise allowable deductions by individuals with respect to a "dwelling unit" that is used by the taxpayer during the year as a "residence". A taxpayer uses a dwelling unit as a "residence" if his or her personal use exceeds the greater of 14 days or 10 percent of the days it is rented at fair rental value during the year. Sec. 280A(d)(1).

If found to be a "residence", section 280A(c)(5) limits the deduction of expenses related to the property to the excess of gross income from the property over deductions allocable to the rental use that are deductible regardless of the rental use, such as interest and taxes. See sec. 280A(b).

However, if a dwelling unit is used during the taxable year by the taxpayer as a residence and such dwelling unit is rented for less than 15 days during the taxable year, then no deduction allocable to the rental use of such dwelling unit is allowed, and the income derived from such use for the taxable year is not included in the gross income of the taxpayer under section 61. Sec. 280A(g).

Contrary to petitioner's contention in his brief, a taxpayer is deemed to "have used a dwelling unit for personal purposes for a day if, for any part of such day, the unit is used" for personal purposes by the taxpayer or by any member of the taxpayer's family. Sec. 280A(d)(2). However, a dwelling unit is generally not used by a taxpayer for personal purposes on any day it is principally used to perform repair or maintenance work on the unit. Id.

Petitioner has conceded that he made eight trips to the cabin in 2004, for a minimum stay of 27 days, and that members of his family accompanied him on each trip. He alleges that these trips were not for personal use, but with regard to the upkeep and maintenance of the cabin. Specifically, petitioner claims in his brief that: "The only purpose for the owner to travel to the cabin is for maintenance, inspection and oversight, purchasing supplies, such as (plumbing, antifreeze, smoke alarm batteries,

light bulbs) management and scheduling specialized work or repair."

Petitioner has presented no evidence to substantiate his contention. He has not provided to the Court any receipts, work reports, time logs, or testimony to support his claim that the motive of his trips and his activity at the cabin was in fact for upkeep. Although cautioned at trial that his opening statement was not evidence that the Court could rely on to make findings of fact, petitioner chose not to testify at the trial, relying entirely on the stipulation of facts and the stipulated exhibits to provide all of the evidence in his case. Hence, petitioner has failed to meet his burden of proving that personal use of the cabin did not exceed the greater of 14 days. Consequently, the cabin is considered a residence for purposes of section 280A.

The parties have stipulated that the cabin was rented for less than 15 days during 2004. Therefore, no income from the rental of the cabin is included in petitioner's 2004 tax return and he is not allowed to deduct any expenses related to the rental of the cabin. Petitioner is still allowed to deduct the mortgage interest and taxes attributable to the cabin on Schedule A, Itemized Deductions, of his 2004 tax return, subject to the limitations provided in section 68. See sec. 280A(b).

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.